By the Court.
Walter Davies, a cashier of a Lorain bank, was indicted and convicted for embezzling the bank’s funds in violation of Section 172 of the Banking Act (Section 710-172, General Code; 108 O. L., pt. 1, 123). One Treble was the assistant cashier. Treble, a confessed accomplice, had taken the stand and testified to facts which tended to prove that if Davies was not a principal he was an abettor of the crime charged. Many of these facts directly testified to by Treble were denied by the defendant. Treble testified that in the stock transactions which led to the embezzlement he had bought certain stocks for the joint account of himself and Davies, with the latter’s knowledge. This and other facts were denied by the defendant. It thereupon became manifestly important as.to whom the jury would give credibility. The court in its general charge gave the following:
*488 “It is the duty of the Court to instruct you concerning negative testimony as distinguished from affirmative testimony. Negative testimony is testimony th'at things were not done, or that a statement was not made, while affirmative testimony is testimony that a thing was done, or that a statement was made. It is a rule of the law of evidence that the affirmative is to be preferred to the negative, and where under all the circumstances it appears to have been the duty of one to speak, and he does not speak, then his silence or failure to speak may be considered together with all the other evidence and all the other circumstances proven in the case in arriving at your verdict. But on the other hand, if, from all of the facts and circumstances in the case, you should be of the opinion that a witness or party was under no obligation or duty to speak, and if he did not speak, his failure to speak in such case should not be taken into account by you in the consideration of the evidence.”
The court of appeals reversed the conviction for the reason that the trial court committed substantial error in giving the foregoing in its general charge, and remanded the case for a new trial; whereupon error was prosecuted to this court.
From an examination of the record we are unable to apply the language in that charge in respect to a party’s duty to speak or failure to speak as occasion required. The remaining portion of the quoted charge, when applied to the contradictory evidence of Davies and Treble, respectively, was wholly erroneous and prejudicial. The court, in *489 instructing the jury as to the quality of positive and negative testimony said: “Negative testimony is testimony that things were not done, or that a statement was not made, while affirmative testimony is testimony that a thing was done, or that a statement was made. It is a rule of the law of evidence that the affirmative is to be preferred to the negative,” etc. This was equivalent to saying, as applied here, that Treble’s affirmative evidence, that a thing was done or a statement was made, was preferred to Davies’ testimony that such things were not done or that such statements were not made. The jury could have applied the charge in that connection.
The judgment of the court of appeals is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Jones, Matthias, Johnson, Wanamakee and Robinson, JJ., concur.